### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 04-269-16 |
| | : | |
| **DEREK RUSSELL** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                     **June 29, 2022**

      A jury convicted Derek Russell of conspiring to manufacture and distribute more than five kilograms of cocaine and more than fifty grams of a substance containing cocaine base—*i.e.*, crack cocaine—in 2005.[1] Judge McLaughlin sentenced Mr. Russell in 2006 to a life sentence under a since-amended version of the Controlled Substances Act through which Congress then mandated a life sentence because two earlier courts convicted Mr. Russell for other "felony drug offenses."[2]

      Congress later made two relevant changes to section 841(b). First, Congress through the Fair Sentencing Act in 2010 increased the amount of crack cocaine required to trigger the mandatory penalties which had applied to Mr. Russell.[3] Second, Congress through the First Step Act in 2018 made the crack-cocaine-related changes retroactive.[4]

      Mr. Russell moved in 2019 for a reduced sentence under Section 404 of the First Step Act, arguing Congress's amendments to section 841 warranted a reduced sentence.[5] We denied his motion.[6] We found Congress's retroactive changes to the Controlled Substances Act applied to Mr. Russell's crack-related sentence.[7] But we did not resentence Mr. Russell because the jury also convicted him of conspiring with intent to distribute more than five kilograms of powder cocaine.

Congress did not retroactively change the powder cocaine-related sentencing laws through the Fair Sentencing Act or First Step Act.[8] So we declined to resentence Mr. Russell.[9]

Mr. Russell now moves for compassionate release and appointment of counsel. He raises the same arguments he raised in his 2019 motion for a reduced sentence, but now argues Congress's changes to the law constitute extraordinary and compelling reasons for his early release. We disagree because non-retroactive changes to the law alone cannot constitute extraordinary and compelling reasons for compassionate release. We deny Mr. Russell's motion for compassionate release and his motion to appoint counsel.

**A.   We deny Mr. Russell's motion for compassionate release.**

Congress allows us to reduce Mr. Russell's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," we find "extraordinary and compelling reasons warrant such a reduction."[10] We may consider the Sentencing Guidelines to determine whether a petitioner presents "extraordinary and compelling reasons" to warrant a reduction in sentence.[11] We may also consider the Sentencing Commission's non-binding policy statement at U.S.S.G. § 1B1.13, which "sheds light on the meaning of extraordinary and compelling reasons."[12] It is Mr. Russell's burden "to demonstrate that compassionate release is warranted."[13]

Mr. Russell does not carry his burden to show compassionate release is warranted because non-retroactive changes in the law alone do not constitute extraordinary and compelling reasons for release. Our Court of Appeals held last year in *United States v. Andrews*: "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance."[14] If Congress changes a sentencing scheme but declines to make the changes retroactive, those changes cannot constitute an extraordinary and compelling reason for release because "[s]uch an interpretation would sow conflict within the statute."[15]

Judge McLaughlin imposed a lawful sentence in 2006. Congress does not direct us to reconsider sentences like Mr. Russell's through the Fair Sentencing Act or First Step Act. While Congress changed the required predicate offenses to trigger certain penalties for powder cocaine-related offenses in the First Step Act, Congress specified such changes do not apply to sentences imposed for offenses committed before the First Step Act's passage.[16] We agree with judges in our Circuit applying *Andrews* to lawful sentences under section 841(b).[17] Congress's non-retroactive changes to offenses for powder cocaine under section 841(b) do not create extraordinary and compelling reasons for release.

We recognize Congress's crack-related changes do apply retroactively to Mr. Russell. But these changes cannot create extraordinary and compelling reasons because Mr. Russell's crack-related offenses—now involving retroactive changes—and powder-related offenses—***not*** involving retroactive changes—constituted independent bases for his life sentence. The jury convicted Mr. Russell of conspiring to manufacture or distribute more than fifty grams of crack and more than five kilograms of powder. Congress in the First Step Act and Fair Sentencing Act retroactively raised the triggering amount of crack to 280 grams, which affected Mr. Russell. But Congress did not retroactively change the triggering amount of powder or predicate offenses raising mandatory minimums.[18]

Finding extraordinary and compelling reasons for release based on Mr. Russell's crack offenses when Mr. Russell's powder offenses saw no retroactive changes would frustrate our Court of Appeals's direction in *Andrews*. We would be rewarding defendants who sold large amounts of powder simply because they also sold crack, even though the powder sales alone warranted their earlier sentence. This result makes no sense and would "sow conflict within" the First Step Act.[19] One could remove references to crack cocaine from Mr. Russell's indictment and conviction, and

3

he still would have received a life sentence in 2006 benefitting from no retroactive changes.[20] We cannot find extraordinary and compelling circumstances for release based on Mr. Russell's crack-related sentence when Congress has not amended the sentencing mandate for his powder-related sentence.

We can consider the non-retroactive sentencing changes only if the defendant "point[s] to other extraordinary and compelling circumstances to justify a reduced sentence."[21] Mr. Russell does not do so. The only other reason for compassionate release he cites is his rehabilitation in prison. But Mr. Russell offers no evidence of his rehabilitation besides citing his "continued rehabilitation" and evidence he has completed classes in prison. We are not a parole board reducing sentences simply for good behavior while incarcerated; we must also find extraordinary and compelling reasons for release.[22]

We commend Mr. Russell's efforts toward rehabilitation. But he does not carry his burden to show his rehabilitation constitutes extraordinary and compelling reasons for release.[23] Because Mr. Russell does not show extraordinary and compelling reasons for release, we need not consider the sentencing factors of section 3553(a).

**B. We deny Mr. Russell's motion to appoint counsel.**

We enjoy discretion to appoint counsel in compassionate release proceedings "where the issues involved warrant the participation of counsel."[24] To determine whether to appoint counsel, our "threshold" inquiry is whether the claim "has some merit in fact and law."[25]

Mr. Russell's claim bears no arguable merit because *Andrews* is now well-settled in our Circuit.[26] Our Court of Appeals's reasoning in *Andrews* forecloses our discretion to consider Congress's non-retroactive changes to the law extraordinary and compelling circumstances warranting release. We deny Mr. Russell's motion for counsel for his compassionate release

4

motion. We do not opine as to Mr. Russell's ability to move for counsel on other grounds should he find other grounds under the Supreme Court's *Conception* decision earlier this week.[27]

C. Conclusion

Non-retroactive changes to the law alone cannot constitute extraordinary and compelling reasons for release. We deny Mr. Russell's motion for compassionate release and appointment of counsel for his compassionate release motion.

---

[1] ECF Doc. No. 1218 at 28 (*United States v. Willis*, 417 F. Supp. 3d 569, 592 (E.D. Pa. 2019), *vacated and remanded on other grounds by consent*, No. 19-3249, 2020 WL 5901553 (3d Cir. July 21, 2020)); *see also* Pre-Sentence Report ¶ 102 (noting at least fifty grams of crack and at least five kilograms of cocaine).

[2] *Willis*, 417 F. Supp. 3d at 592; 21 U.S.C. § 841(b)(1)(A) (effective March 9, 2006 through July 26, 2006).

[3] Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372, 2372 (changing the amount of crack cocaine required to trigger certain mandatory minimums from fifty grams to 280 grams); *see also Willis*, 417 F. Supp. 3d at 573.

[4] First Step Act of 2018, Pub. L. No. 115-391 § 404(b), 132 Stat. 5194, 5222; *see also Willis*, 417 F. Supp. 3d at 573.

[5] *See* ECF Doc. Nos. 1191, 1198, 1204, 1205. Congress through section 404 of the First Step Act allows defendants to move for a reduced sentence if the laws made retroactive through the First Step Act modified penalties applied to the defendant. *See* First Step Act of 2018, Pub. L. No. 115-391 § 404(b), 132 Stat 5194, 5222.

[6] *Willis*, 417 F. Supp. 3d at 592–94.

[7] *Id.*

[8] *Id.* at 593.

[9] *Id.*

[10] 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)).

[11] *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022).

[12] *Id.*

---

[13] *United States v. Singh*, 525 F. Supp. 3d 543, 549 (M.D. Pa. 2021).

[14] *Andrews*, 12 F.4th at 260–61.

[15] *Id.* at 261.

[16] First Step Act of 2018, Pub. L. No. 115-391 § 401(c), 132 Stat. 5194, 5221.

[17] *United States v. Barndt*, No. 09-325-5, 2022 WL 1497973, at *6–7 (W.D. Pa. May 12, 2022) (*Andrews* leaves "no uncertainty" non-retroactive changes in the law cannot constitute an extraordinary and compelling reason for release, and applying *Andrews* to a sentence under section 841(b)(1)(A)); *United States v. Nichols*, No. 8-704-6, 2022 WL 445770, at *3 (E.D. Pa. Feb. 14, 2022) (*Andrews* "settles" challenges to sentence based on non-retroactive changes to section 841(b)(1)(A)).

[18] First Step Act of 2018, Pub. L. No. 115-391 § 401(c), 132 Stat. 5194, 5221; *see, e.g.*, *United States v. Johnson*, No. 08-374, 2021 WL 409830, at *7 (W.D. Pa. Feb. 5, 2021).

[19] *Andrews*, 12 F.4th at 261.

[20] *Cf. United States v. Gibbs*, No. 96-539-2, 2021 WL 3929727, at *3 n.6 (E.D. Pa. Sept. 2, 2021) (rejecting argument the United States' decision not to charge defendant with crack-related offenses and only to charge powder-related offenses established extraordinary and compelling reasons because the lack of crack charges meant "defendant was not the subject of a sentence reviewable under the First Step Act").

[21] *Nichols*, 2022 WL 445770, at *3.

[22] *See, e.g.*, *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) (an incarcerated person's rehabilitation does not deserve "substantial weight" in determining extraordinary and compelling reasons for reasons "unless there is something exceptional about that rehabilitation").

[23] We acknowledge the Supreme Court this week held judges may consider "intervening changes of law" when deciding whether to resentence a defendant under section 404 of the First Step Act. *Concepcion v. United States*, --- S. Ct. ----, 2022 WL 2295029, at *4 (U.S. 2022). This decision does not affect Mr. Russell's present motion because he moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), not for a reduced sentence under section 404 of the First Step Act. *Concepcion* makes no mention of "extraordinary and compelling," so it seems unlikely its reasoning would affect our Court of Appeals's holding in *Andrews*. Our Court of Appeals in *Andrews* already allows district courts to consider intervening changes in the law as part of the compassionate release calculus—but only after the defendant "successfully shows extraordinary and compelling circumstances" on other grounds. *See Andrews*, 12 F.4th at 261 ("[W]e are not saying that [intervening changes in the law] are always irrelevant to the sentence-reduction inquiry. If a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors.").

---

We make no findings as to how, if at all, *Concepcion* affects Mr. Russell's eligibility for resentencing under section 404 of the First Step Act.

[24] *United States v. Dorsey*, 520 F. Supp. 3d 681, 684 (E.D. Pa. 2021).

[25] *Id.* (quoting *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). As Judge McHugh notes, judges in our Circuit apply the factors from *Tabron* to determine appointment of counsel in compassionate release proceedings. *Id.* at 684 n.3 (compiling cases). Though *Tabron* handled appointment of counsel for indigent civil litigants, we agree with Judge McHugh the factors also make sense in the compassionate release context.

[26] *See, e.g.*, *Nichols*, 2022 WL 445770, at *3.

[27] *See Concepcion*, 2022 WL 2295029.